IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0248 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

Petitioner MICHAEL WILLIAMS, a state prisoner, has filed with this Court a petition for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for a writ of habeas corpus should be DENIED.

I.
PROCEDURAL BACKGROUND

It appears that on or about August 18, 1987, in the 265th Judicial District Court of Dallas County, Texas,  petitioner was convicted, pursuant to a guilty plea, of the offense of aggravated robbery, such offense having been committed on February 22, 1987.  As a result of his conviction, petitioner was sentenced to twenty-five (25) years imprisonment in the Texas Department of

Criminal Justice, Correctional Institutions Division (TDCJ). TDCJ calculated petitioner's sentence with a begin date of February 22, 1987, thereby crediting petitioner with time he was in custody for the charged offense.

According to petitioner, he was denied early release from his sentence to parole in 1992, the Board of Pardons and Paroles (Board) having determined petitioner would endanger the public. Effective September 1, 1997, the State of Texas enacted a statute directing TDCJ to establish a program to provide intensive supervision, the highest level of supervision provided by the department, to inmates determined by a parole panel to require intensive supervision upon early release. *See* Tex. Gov't Code Ann. § 508.317 (1997). According to petitioner, he was again denied early release to parole in September 1997.

On or about February 24, 1999, petitioner was released to mandatory supervision under Super-Intensive Supervision Program (S.I.S.P.) conditions which, according to petitioner, required electronic monitoring, house arrest, urinalysis, daily scheduling, and permission from the parole officer prior to seeking employment, going outside, or leaving the residence. Petitioner maintains he successfully complied with the conditions of the S.I.S.P. from February 24, 1999 through April 7, 2000, but that his mandatory supervision was subsequently revoked for failure to follow the S.I.S.P. daily schedule and to report. Petitioner was returned to TDCJ on July 24, 2000.

On or about May 8, 2003, petitioner was granted early release to parole, again under S.I.S.P. conditions. According to petitioner, he complied with the conditions of the program for three (3) months without any infractions, but that such conditions were not removed. On April 30, 2004, petitioner's parole was revoked for, according to petitioner, his failure to comply with the S.I.S.P. conditions and for changing his residence without prior authorization.

Petitioner filed a state application for a writ of habeas corpus on or about January 26, 2005. On May 4, 2005, the Texas Court of Criminal Appeals denied the petition without written order on the trial court findings without a hearing. Petitioner filed the instant federal habeas application on September 7, 2005.

## II.
## PETITIONER'S ALLEGATIONS

In support of his contention that he is being confined in violation of the Constitution and laws of the United States, petitioner presents the following grounds:

1. Retroactive application of section 508.317 allowing the imposition of special S.I.S.P. conditions to petitioner's release on mandatory supervision and parole violated petitioner's constitutional rights;

2. Retroactive application of the mandatory supervised release statute which allows mandatory supervised release to be denied when certain conditions are met violates petitioner's constitutional rights;

3. The Board of Pardons and Paroles abused its discretion by considering incorrect information in petitioner's parole file; and

4. Retroactive application of the statute discontinuing the policy allowing reinstatement of good time accrued prior to early release, but forfeited upon early release, after 90 days of good conduct upon return to the prison, violated petitioner's constitutional rights.

## III.
## EXHAUSTION OF STATE COURT REMEDIES

It appears from petitioner's habeas application he has sufficiently exhausted his state court remedies with regard to the issues raised in the instant habeas application. It is, therefore, the opinion of the undersigned that petitioner's habeas application not be dismissed due to any failure to exhaust state court remedies, but instead the petition should be determined on the merits.

IV.
MERITS

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally unfair that the petitioner's constitutional rights were violated. In determining whether an error was so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights.

A.  S.I.S.P. Conditions

In his first ground, petitioner argues the retroactive application of Texas Government Code § 508.317 which allowed for the imposition of S.I.S.P. conditions to petitioner's parole violated the Ex Post Facto Clause of the United States Constitution by subjecting petitioner to greater punishment on parole than the parole laws in effect at the time he committed his offense or at the time of his conviction. The United States Court of Appeals for the Fifth Circuit, noting Texas prisoners have no constitutional expectancy of parole, has held that to the extent a petitioner argues he is entitled to the benefit of parole laws that were in effect at the time of the petitioner's state conviction, a petitioner does not state a violation of a constitutional right. *Cruz v. Texas Parole Division*, 87 Fed. Appx. 346 (5th Cir. Jan. 30, 2004). Consequently, petitioner's first ground is without merit and should be DENIED.

B.  Discretionary Mandatory Supervised Release

In his second ground, petitioner challenges the future possibility of the Board applying Texas Government Code § 508.149(b) (previously Article 42.18, § 8(c-1) of the Texas Code of Criminal Procedure, effective September 1, 1996), to deny him release to mandatory supervised

release. Section 508.149(b) gives the Board an element of discretion to grant mandatory supervised release. Petitioner contends any application of the post-September 1, 1996 statute to deny him mandatory supervision will be retroactive and will violate the Ex Post Facto Clause of the United States Constitution. Petitioner argues the law in effect when he committed the offense on February 22, 1987, which granted automatic release to mandatory supervision when good time and time served equaled the sentence time, must be applied to him.[1]

This issue is not yet ripe for review because the Board has not indicated that petitioner's mandatory supervised release is discretionary. *Cf. McCall v. Dretke*, 390 F.3d 358 (5th Cir. 2004). This ground should be DENIED.

### C. Consideration of Incorrect Information

In his third ground, petitioner contends his constitutional rights have been violated because incorrect information in his file was considered by the Parole Board. Petitioner has failed to provide factual support for the allegations raised by this ground. No specifics were provided to the Court as to this allegation and it is wholly conclusory in nature. Petitioner has failed to sufficiently set forth facts from which this Court can make any rational determination as to what, if any, federal habeas relief could be granted. Petitioner's third ground should be DENIED.

### D. Forfeiture of Good Time

By his fourth ground, petitioner argues his constitutional rights have been violated by the retroactive application of Texas Government Code § 498.004, effective September 1, 1995, which discontinued the policy of allowing respondent discretion to restore, to an inmate, previously

---

[1] Plaintiff's initial release to mandatory supervised release was granted after the current statute's effective date of September 1, 1996. It is unclear which version of the statute was applied to petitioner at that time.

accrued good conduct time forfeited on the revocation of the inmate's parole or mandatory supervision.

It is well settled Texas law that upon revocation of parole, an inmate loses all good conduct time previously accrued. *See* Tex. Gov't Code Ann. § 498.004 (Vernon 1998) (previously section 497.004 and Tex. Rev. Civ. Stat. art. 6181-1). Under the former statutes, however, the Director of TDCJ could, in his or her discretion, restore forfeited good time credits to an inmate returned to TDCJ upon a revocation that did not involve a new criminal conviction after the prisoner had served at least three months of good behavior. Since September 1, 1995, the director has not been allowed to restore good conduct time forfeited on a revocation. Petitioner contends the statute in effect when he committed the offense, which allowed the Director discretion to restore the previously accrued good time credits, should apply in this instance and that the retroactive application of the current statute so as to disallow the restoration of his previously accrued good conduct credits results in an increase in petitioner's punishment.

There is no federal constitutional right to the restoration or reinstatement of good conduct time credits forfeited when a prisoner's administrative release is revoked. *Galindo v. Cockrell*, No. CIV.A.400CV1802Y, 2001 WL 1057982, at *4 (N.D. Tex. Aug. 31, 2001). Nor is there a protected liberty interest in the restoration of such time credits. Since 1977, Texas law has provided that good conduct time credits are a "privilege and not a right." Tex. Rev. Civ. Stat. Ann. art. 6181-1, § 4 (West 1988). Texas case law has clarified that "good-time is not a vested right, but rather is a privilege which may be forfeited . . . by violating the guidelines of a conditional release program." *Ex parte Henderson*, 645 S.W.2d 469, 472 (Tex.Crim.App. 1983). Since 1985 and up until September 1, 1995, Texas prison authorities possessed the discretion to restore or not to restore

good conduct time forfeited as a result of a revocation of administrative release without a new conviction. ("The director may, however, restore good conduct time forfeited upon revocations not involving new criminal convictions after an inmate has served a reasonable period of good behavior in the department, to be no less than three months, subject to rules and policies promulgated by the department." Tex. Civ. Stat. art. 6181-1, § 4 (Vernon Supp. 1986)). Because the state statutes have, since 1985, vested complete discretion with the state correctional authorities on the issue of restoration of good time credits forfeited upon revocation of mandatory supervision, there is no protected liberty interest in the restoration of these good time credits.

With regard to any *ex post facto* claim petitioner is attempting to raise, if any, the appropriate inquiry is whether the change in law effectively increased petitioner's punishment. *See Hallmark*, 118 F.3d at 1078. Guided by the decision in Hallmark, the undersigned finds TDCJ's refusal to reinstate petitioner's good time credits did not prolong the punishment imposed for his crime. Texas law expressly provides that good time applies only to the eligibility for parole and does not affect the length of an inmate's sentence. Tex. Gov't Code Ann. § 498.003(a). Because TDCJ's refusal to restore petitioner's forfeited good time credits does not increase petitioner's 25-year sentence, he is not entitled to habeas relief on any *ex post facto* claim. *See Portley v. Grossman*, 444 U.S. 1311, 1312-13 (1980); *Hallmark*, 118 F.3d at 1079. Absent a claim that petitioner has been deprived of some right secured to him by the United States Constitution or laws, habeas relief is not available. *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir.1983), *cert. denied*, 465 U.S. 1010 (1984). Petitioner's fourth ground should be DENIED.

V.
RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the instant Petition for a Writ of Habeas Corpus filed by petitioner MICHAEL WILLIAMS be DENIED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of September 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States

District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).